THE ANDREWS ASPHALT PAVING Co. *v.* THE CITY OF
MIDDLETOWN.

*Municipal corporations—Street paving contract—Retained per-*
*centage to guarantee performance—Municipality entitled to*
*interest thereon, when.*

Plaintiff entered into a street-paving contract with defendant
whereby plaintiff was to pave certain streets in a specified
manner and keep such streets in repair for a period of five
years. The city was to retain ten per cent. of the entire cost
of the improvements until the end of the five-year period,
and if the plaintiff should fail to make all the necessary re-
pairs required by the agreement the city had power to ex-
pend such part of the amount so retained as was necessary
in making the repairs. The contract was completed and all
payments made according to its terms. Plaintiff claims that
the city invested the ten per cent. fund retained and real-
ized a profit therefrom and that such profit should be paid
to plaintiff. *Held:* The ten per cent. retained was money
belonging to the city, payable to the plaintiff only upon the
completion of the contract as to repairs and maintenance
at the end of the five years, and plaintiff acquired no rights
in the interest or profits realized on the investment.

(Decided November 22, 1921.)

APPEAL: Court of Appeals for Butler county.

*Messrs. Andrews & Andrews,* for plaintiff.
*Mr. G. W. A. Wilmer,* for defendant.

BUCHWALTER, J.    This action comes into this court
on appeal from the court of common pleas of But-
ler county.

The plaintiff, The Andrews Asphalt Paving Com-
pany, and the defendant, the city of Middletown, en-
tered into five different contracts for the paving of

certain streets.    Upon the completion of the streets, and the receipt of the final estimate of the engineer, the city, through its proper officers, paid to the plaintiff ninety per cent. of the contract price, and retained ten per cent. for a period of five years, as per the terms of the contracts.    At the end of the five-year period, upon the certificate of the engineer that all repairs had been made, the city paid to the plaintiff the ten per cent. which had been retained.

The terms of the various contracts are similar.

No question is raised as to any delay in the payment of the ten per cent.

It is claimed by the plaintiff that during the period of five years the city invested the ten per cent. fund, so retained, so that a profit on the use of such fund was obtained, and that the city should render an accounting and pay to the plaintiff any profit received by it from the use of such funds.

The rights of the parties are controlled by the provisions of the contracts, and it is necessary to examine these to determine the intent of the parties.

It is not claimed that if the city had held such funds in the treasury the plaintiff would be entitled to any interest thereon; but it is contended that having invested the funds and having secured interest and profits thereon, such interest or profits belong to the plaintiff.    It was expressly provided that the bonds, specifications and the guaranty agreements should form essential parts of the contracts.    In Guaranty Agreement B, it is provided:

"To secure the performance of this agreement, the City will retain ten per cent. of the entire cost of the improvement of said street in the City Treasury for five years from the date of acceptance of the final estimate for the same; and if the said second

party shall neglect or fail to make all necessary repairs, as required by this agreement, then the Board of Public Service may have power to expend such part of the amount so retained as the said Board shall find necessary in making such required repairs, the party of the second part shall at once make good the deficiency. At the expiration of five years, as above specified, provided all repairs shall have been made as stipulated in this agreement, upon resolution of the Board of Public Service, the amount remaining to the credit of the second party shall be paid to The Andrews Asphalt Paving Company in full.''

It is urged that the proposal for bids contained no express provision as to the time of payment, but the bid itself stated that the work should be done ''according to the contract and specifications bound herewith.'' The form of contract was attached to the bid when made by the plaintiff herein, and contained all the provisions as to the time of payment. The plaintiff in making the bids must have known of these provisions as to payment, and the contracts were secured as a result of such bids, which provided for the deferred payment of ten per cent. If interest on such deferred payment was not included in the estimate, it could have been stipulated in the contract, if that was the intent of the parties. The contract provided not only that the streets should be constructed in a certain manner, but also that they should be kept in repair for a period of five years. The construction of the streets was not the final obligation of the plaintiff under the contracts, and the city was not required to pay the balance until all repairs had been made at the end of the five-year period. The bond provided a method by which the

city might be protected against defects in the construction or maintenance, that is, the city might have recourse against the contractor and his sureties, but final payment was deferred until such maintenance and repairs were completed to the satisfaction of the city.

An examination of the contracts leads to the conclusion that the intent of the parties was that ninety per cent. of the contract price should be paid on completion of the improvement, and ten per cent. be paid at the expiration of five years, unless, by some neglect of the contractor the city incurred expense, which amount was to be deducted. The ten per cent. retained was money belonging to the city, only payable to the contractor upon the completion of the contract as to repairs and maintenance at the end of five years, hence the contractor acquired no rights in any interest or profit made by the city in the investment or use of such money.

*Judgment for defendant.*

HAMILTON, P. J., and CUSHING, J., concur.